UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CALVIN BATTLES,

                Petitioner,

    -against-

THOMAS LaVALLEY,

               Respondent.
------------------------------------------------------------x

FILED Rec'd
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 1 5 2013 ★
BROOKLYN OFFICE

MEMORANDUM AND ORDER

13-CV-4918 (ENV)

VITALIANO, D.J.

On August 23, 2013, Calvin Battles, appearing *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2006 conviction in Supreme Court, Kings County. Battles's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, Battles is directed to submit an affirmation, within 30 days of the date that this Order is entered on the docket, showing cause why his petition should not be dismissed as untimely.

## Background

On November 15, 2005, Battles was convicted by a Kings County jury on charges of depraved indifference murder, P.L. § 125.25 (2), second-degree manslaughter, P.L. § 125.15 (1), and three counts of depraved indifference assault, P.L. § 120.10 (3). These convictions arose out of a 2004 incident in which Battles

1

doused four people with gasoline, which he ignited, killing one victim and severely burning the other three. *See People v Battles*, 16 N.Y.3d 54, 57, 942 N.E.2d 1026, 917 N.Y.S.2d 601 (2010). He was sentenced as a persistent felony offender, and was given concurrent sentences of 25 years-to-life on the murder and manslaughter charges, followed consecutively by one 20 years-to-life and two 25 years-to-life sentences on the assault charges. *Id.*; (*see also* Pet. (Dkt. No. 1) ¶¶ 1-5).

On September 15, 2009, the Appellate Division, Second Department modified the judgment by vacating the conviction of second-degree manslaughter, finding that crime to be "an inclusory concurrent count of depraved indifference murder." *People v. Battles*, 65 A.D.3d 1161, 1162, 886 N.Y.S.2d 170 (2d Dep't 2009). The court otherwise rejected Battles's arguments on appeal, including (without discussion) his claim that the imposition of consecutive sentences was unlawful under New York law because all four victims were burned in a fire that had a single source of ignition. *See id.* After granting Battles leave to appeal, the New York Court of Appeals instructed the trial court to yet again modify the sentence such that one of his 25-year prison terms for assault would run concurrently with the other terms, reducing his aggregate sentence from 95 years-to-life to 70 years-to-life. *See People v. Battles*, 16 N.Y.3d at 58-59. The high court rejected the balance of petitioner's claims, *see id.* at 59; the United States Supreme Court denied certiorari on October 3, 2011. *Battles v. New York*, 132 S.Ct. 123 (2011).

In September 2012, Battles moved in Supreme Court for post-conviction relief under C.P.L. § 440.10(1), alleging that his trial counsel did not know that he was subject to consecutive sentencing and did not advise him to take a plea offered by the prosecution. (Pet. ¶ 11). The motion was denied on June 12, 2013. *Id.* It is unclear whether Battles sought leave to appeal the denial to the Second Department, which would be essential to exhaustion of that claim, and there are no facts in his petition indicating that he did. Battles, the record reflects, submitted the instant petition to prison officials on August 23, 2013. (*See* Pet. at 15).

## Discussion

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such *review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "The one-year clock is stopped, however, during the time the petitioner's properly filed application for state postconviction relief is pending." *Wood v. Milyard*, 132 S.Ct. 1826, 1831 (2012) (internal quotations omitted) (citing 28 U.S.C. § 2244(d)(2)).

Because AEDPA's statute of limitations is not jurisdictional, it may be subject to equitable tolling. *See Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). The existence of such a safety valve is tempered by the reality that "equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. U.S.*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (internal quotations omitted).

A district court may "raise a petitioner's apparent failure to comply with AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). "[U]nless it is unmistakably clear," though, "from

4

the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125.

In this case, the facts alleged in the petition strongly suggest that petitioner's application for habeas relief is time-barred. The United States Supreme Court denied certiorari on October 3, 2011, starting the one-year clock under AEDPA. Absent a stoppage of time authorized by the statute, the bar date for Battles' petition would have been October 3, 2012. Battles effectively contends that the clock did stop, alleging that he filed a § 440.10 motion with Supreme Court "in September 2012." Assuming he did, the clock was tolled on that date. Assuming, liberally, that Battles submitted the § 440.10 motion on September 1, that is, giving him the largest toll of time the facts Battle alleges would permit, there were 32 days remaining under AEDPA's one-year clock for Battles to file a § 2254 petition in federal court. The state court denied petitioner's § 440.10 motion on June 12, 2013, and his time for filing a federal habeas petition, viewed most favorably to Battles, would have expired 32 days later, on July 15, 2013. Battles, however, did not submit his petition to prison officials until August 23, making it 39 days late.

## Conclusion

As mentioned earlier, late filing habeas petitioners must be given an opportunity to explain their failure to comply with the limitations period and to offer evidence of extraordinary facts, e.g., hospitalizations, that would excuse the untimeliness. In line with these precepts, Battles is directed to show cause by affirmation, within 60 days from the date this Order is entered on the docket, why AEDPA's statute of limitations should not bar his § 2254 petition. *See* Acosta, 221 F.3d at 125. If he believes that equitable tolling should apply, he shall present facts to the Court in his affirmation and shall append any documentary evidence that may support his allegations. Battles should also supply the dates of filing and dates of decision(s) of any post-conviction motion he believes may have statutorily tolled the limitations period. Further, petitioner shall submit as exhibits to his affirmation any relevant documentary evidence relating to such post-conviction applications. No response shall be required from respondent at this time, and all other proceedings shall be stayed pending a determination of the show cause proceeding now ordered. If Battles fails to file the affirmation required by this Order within the time allowed, his petition shall be dismissed with prejudice as time-barred.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

So Ordered.

Dated: Brooklyn, New York
      October 6, 2013                    /S/ Judge Eric N. Vitaliano

                                          ERIC N. VITALIANO
                                          United States District Judge