------------------------------------------------------------x
CALVIN BATTLES,

                Plaintiff,

    -against-

THOMAS LaVALLEY,

               Respondent.

------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-cv-4918 (ENV)

VITALIANO, D.J.,

On August 23, 2013 petitioner Calvin Battles, proceeding *pro se*, made this application for a writ of *habeas corpus*, challenging his 2006 conviction in Supreme Court, Kings County. On October 6, 2013, the Court issued an Order directing Battles to submit an affirmation showing cause why his petition should not be dismissed as untimely. In response, Battles now acknowledges that he has a pending appeal with the Second Department, which both tolls the applicable statute of limitations and renders Battles's claim unexhausted. In light of his unexhausted claim, Battles now requests that the Court stay his petition.

A district court may grant an application for a writ of *habeas corpus* sought by a state convict only, if "it appears that the applicant has exhausted the remedies available in the court of the State." 28 U.S.C. § 2254(b)(1)(A); <u>Caravajal v. Artus</u>, 633 F.3d 95, 104 (2d Cir. 2011). As Battles concedes that his state court remedies are unexhausted, it is appropriate that his petition be dismissed. Upon exhaustion, a

1

refreshed petition may be filed should Battles ultimately fail in state court.

## Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice.

The Clerk of Court is ordered to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 12, 2013

/S/ Judge Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge